565-06/GMV
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant Maersk
80 Pine Street
New York, New York 10005
(212) 425-1900
Gina M. Venezia (GV 1551)
William J. Pallas, Esq. (WP 6201)
Pamela L. Schultz (PS 0335)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTON MCNAUGHTON OF SQUIRE, INC., JONES APPAREL GROUP, INC.,

        Plaintiffs,

- against -

M/V MARGRETHE MAERSK, *in rem*, Maersk Line, Maersk Sealand,

        Defendants

07 CV 3716 (RWS)

**RULE 56.1 STATEMENT**

    Defendant A.P. Moller – Maersk A/S (hereinafter "Maersk") submits the following Statement of Uncontested Material Facts in support of its motion for Partial Summary Judgment pursuant to Local Civil Rule 56.1:

    1.    On or about April 12, 2005, cargo interests contracted with Maersk for the carriage of two containers said to contain 32,999 pieces ("PCS") of individual ladies garments from Hong Kong to Norfolk, Virginia, under Maersk bill of lading no. MAEU 501016075. (See the front side and reverse terms of the Maersk bill of lading (hereinafter "Bill of Lading") which are attached as Exhibits A and B, respectively, to the Declaration of Massoud Messkoub ("Messkoub Decl.")).

2. The Bill of Lading identifies the shipper of the cargo as PYL Apparel Limited, and the consignee is identified as "To the Order of Norton McNaughton of Squire, Inc". (*See* Ex. A).

3. The shipment was carried on a "container yard to container yard" basis ("CY/CY") and as a "Shipper's Load, Stow, Weight and Count" arrangement which means that the container was loaded/stuffed by the shipper and the sealed containers delivered to Maersk. (*See* Messkoub Decl. in ¶ 8, of 15, 16).

4. On the Bill of Lading, the words "2 container(s)" are entered in the box entitled "Carrier's Receipt (see clauses 1 and 14). Total number of containers or packages received by Carrier." (Ex. A & Messkoub Decl. ¶7).

5. The front side of the Bill of Lading also has a section entitled "PARTICULARS FURNISHED BY SHIPPER—CARRIER NOT RESPONSIBLE" in which the "Kind of packages; Description of goods; Marks and Numbers; Container No./Seal No" are described by the shipper or its agents as follows:

| | | |
|---|---|---|
| Garment on Hanger | 2 | Shipper's Load, Stow, Weight and Count<br>Freight Collect<br>Container(s)<br>32999 PCS<br>CY / CY |
| MSKU6058710<br>40/Vent 8'6"<br>ML– HK3460128<br>MAEU6000176<br>40/Vent 8'6"<br>ML-HK3411692 | | Ladies' 100% Polyester Woven Skirt<br>Style: YBX – 9993 PCS.<br>Ladies' 100% Polyester Woven Blouse<br>Style: YNC – 3832 PCS.<br>Ladies' 100% Polyester Woven Top<br>Style: YNC – 3832 PCS. |
| | | Ladies 100% Polyester Woven Skirt<br>Style: YND – 9906 PCS.<br>Ladies' 100% Polyester Woven Blouse<br>Style: YNC – 2718 PCS.<br>Ladies' 100% Polyester Woven Top<br>Style: YCN – 2718 PCS. |

(Ex. A; Messkoub Decl. ¶¶ 9-10).

6. The Bill of Lading provides that the "[a]bove particulars are declared by Shipper, but without responsibility of or representation by Carrier (see clause 14)." (Messkoub Decl. ¶14).

7. The containers at issue are "Garment on Hanger" ("GOH") containers which are often used by shippers to ship large numbers of individual garments on hangers. (Ex. A; Messkoub Decl. ¶11).

8. GOH containers are equipped with ropes for hanging the individual garments and protect the garments from exposure to dirt and the elements during transit, while at the same time allowing the shipper to avoid the necessity and expense of any packaging of the individual garments. (Messkoub Decl. ¶11).

9. Neither the shipper nor its agents provided in the Bill of Lading the number of pieces or sets of clothing loaded by the shipper or its agents in container no. 6058710 (the undamaged container) or container no. 6000176 (the damaged container). (Messkoub Decl. ¶19).

10. At the bottom of the Bill of Lading, there is a space for the shipper to fill in the "Declared Value" of the cargo. (Ex. A).

11. The aforesaid space on the front of the Bill of Lading was left blank by the shipper. (Ex. A).

12. Neither the shipper nor Plaintiffs declared the value of the cargo or paid any additional freight to Maersk in connection with the subject voyage. (Messkoub Decl. ¶¶ 20-21).

13. The Bill of Lading contains the following clauses (all of which are reflected in Ex. B):

*Clause 1. Definitions*

"**Package**" where a Container is loaded with more than one package or unit, the packages or other shipping units enumerated on the reverse hereof as packed in such Container and entered in the box on the reverse hereof entitled "Carrier's "Receipt" are each deemed a Package.

*Clause 5. Carrier's Responsibility: Port-to-Port Shipment*

5.1 Where the Carriage is Port-to-Port, then the liability (if any) of the Carrier for loss of or damage to the Goods occurring between the time of loading at the Port of Loading and the time of discharge at the Port of Discharge shall be determined in accordance with any national law making the Hague Rules compulsorily applicable to this Bill of Lading (which will be US COGSA for shipments to or from the Untied States of America) or in any other case in accordance with the Hague Rules Articles 1-8 inclusive only.

*Clause 7. Compensation and Liability Provisions.*

\*   \*   \*   \*

7.2 Save as is provided in Clause 7.3: ... (b) Where Carriage includes Carriage to, from or through a port in the United States of America and US COGSA applies by virtue of clauses 5.1 or 6.2(b) neither the Carrier nor the Vessel shall in any event be or become liable in an amount exceeding US$500 per Package or customary freight unit.

\*   \*   \*   \*

7.3 The Merchant agrees and acknowledges that the Carrier has no knowledge of the value of the Goods and higher compensation than that provided for in this Bill of Lading may be claimed only when, with the consent of the Carrier, the value of the Goods declared by the Shipper upon delivery to the Carrier has been stated in the box marked "Declared Value" on the reverse of this Bill of Lading and extra freight paid. In that case, the amount of the declared value shall be substituted for the limits laid down in this Bill of Lading. Any partial loss or damage shall be adjusted pro rata on the basis of such declared value.

*Clause 14. Description of Goods*

14.1 This bill of lading shall be prima facie evidence of the receipt by the Carrier in apparent good order and condition, except as otherwise noted,

of the total number of Containers or other packages or units indicated in the box entitled "Carriers Receipt: on the reverse side hereof.

**14.2** No representation is made by the Carrier as to the weight, contents, measure, quantity, quality, description, condition, marks, numbers or value of the Goods and the Carrier shall be under no responsibility whatsoever in respect of such description or particulars.

**14.3** The Shipper warrants to the Carrier that the particulars relating to the Goods as set out on the reverse hereof have been checked by the Shipper on receipt of this Bill of Lading and that such particulars, and any other particulars furnished by or on behalf of the Shipper, are adequate and correct. The Shipper also warrants that the Goods are lawful goods, and contain no contraband, drugs, other illegal substances or stowaways, and that the Goods will not cause loss damage or expense to the Carrier, or to any other cargo during the Carriage.

**14.4** If any particulars of any Letter of Credit and/or Import License and/or Sales Contract and/or Invoice or Order number and/or details of any contract to which the Carrier is not a party, are shown on the face of this Bill of Lading, such particulars are included at the sole risk of the Merchant and for his convenience. The Merchant agrees that the inclusion of such particulars shall not be regarded as a declaration of value and in no way increases Carrier's liability under this Bill of Lading.

(*See* Ex. B – terms and conditions of Bill of Lading).

14. At the bottom of the Bill of Lading, there is a section reflecting "Freight & Charges" incurred in connection with this shipment. (Ex. A).

15. The Freight & Charges section reflects that the ocean freight was calculated on the lump sum basis of U.S. $5,146.00 per container. (Ex. A; Messkoub Decl. ¶ 22).

9. Plaintiffs' damages, if any, are limited to US $500.00 per container pursuant to the US Carriage of Goods by Sea Act and the Maersk Bill of Lading. In the alternative, Plaintiffs' damages are limited to US $500.00 per "customary freight unit" pursuant to US COGSA and the provisions of the Bill of Lading. Plaintiffs' damages are thus limited to a total of $1,000.00. (*See* accompanying Memorandum of Law).

Dated: New York, New York
November 5, 2007

                                FREEHILL HOGAN & MAHAR, LLP
                                Attorneys for Defendant MAERSK

BY: _____
                                GINA M. VENEZIA (GV 1551)
                                WILLIAM J. PALLAS (WP 6201)
                                80 Pine Street
                                New York, New York 10005
                                (212) 425-1900

TO:    DUANE MORRIS LLP
         Attorneys for Plaintiffs
         744 Broad Street, Suite 1200
         Newark, New Jersey 07102
         Attention: Alissa M. Ryder
         (973)424-2000