**DUANE MORRIS LLP**
James W. Carbin
Alissa M. Ryder
744 Broad Street
Newark, N.J. , NY 07102
973.424.2000
Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTON MCNAUGHTON OF SQUIRE, INC., JONES APPAREL GROUP, INC., <br><br> Plaintiffs <br><br> - against - <br><br><br> M/V MARGRETHE MAERSK, in rem, Maersk Line, Maersk Sealand, <br> Defendants. | Civil Action No. 07-CV-3716 (RWS) <br><br> **PLAINTIFFS NORTON MCNAUGHTON OF SQUIRE, INC. AND JONES APPAREL GROUP, INC'S RESPONSE TO DEFENDANTS' RULE 56.1 STATEMENT** |

Pursuant to Fed. R. Civ. P. 56 and Local Civil Rule 56.1(c), NORTON MCNAUGHTON OF SQUIRE, INC. and JONES APPAREL GROUP, INC. ("Plaintiffs"), by and through their attorneys, Duane Morris LLP, respond to each paragraph of Defendants M/V MARGRETHE MAERSK, in rem, Maersk Line, Maersk Sealand ("Defendants" or "Maersk"), Rule 56.1 Statement of Facts as follows:

1.  Plaintiffs admit only that Maersk issued a bill of lading for the transport of cargo of 32999 pieces "GARMENT ON HANGER" stowed in two containers referred to on the front side of the Maersk Bill of Lading Number MAEU 501016075 ("Bill of Lading") from Hong Kong to Norfolk, Virginia on or about April 12, 2005.

2.    Admitted.

3.    Plaintiffs acknowledge only that the Bill of Lading speaks for itself. Plaintiffs object to the statements made in this paragraph on the basis that the statements contain arguments cloaked as an "undisputed fact" and are improper under Local Rule 56.1 and not based on personal knowledge.

4.    Plaintiffs acknowledge only that the Bill of Lading speaks for itself. Maersk issued and filled out the Bill of Lading.

5.    Plaintiffs acknowledge only that the Bill of Lading speaks for itself.

6.    Plaintiffs acknowledge only that the Bill of Lading speaks for itself.

7.    Denied on the basis that the statements in this paragraph contain arguments cloaked as an "undisputed fact" and are improper under Local Rule 56.1 and not based on personal knowledge. The statements are further denied on the basis that the statements contain expert opinions and Mr. Messkoub is not an expert and has not been identified as an expert.

8.    Denied on the basis that the statements in this paragraph contain arguments cloaked as an "undisputed fact" and are improper under Local Rule 56.1 and not based on personal knowledge. The statements are further denied on the basis that the statements contain expert opinions and Mr. Messkoub is not an expert and has not been identified as an expert.

9.    Denied on the basis that the statements in this paragraph contain arguments cloaked as an "undisputed fact" and are improper under Local Rule 56.1 and not based on personal knowledge.

10.    Admitted only that the Bill of Lading speaks for itself and was issued and filled out by Maersk.

11. Admitted only that the Bill of Lading speaks for itself and was issued and filled out by Maersk.

12. Admitted only that the Bill of Lading speaks for itself and was issued and filled out by Maersk.

13. Plaintiffs have no independent knowledge of the clauses contained on the back of the Bill of Lading. Plaintiffs note that the clauses purportedly contained on the back of the Bill of Lading are ambiguous.

14. Admitted only that the Bill of Lading speaks for itself.

15. Denied.

9. Denied on the basis that the statements contained in this paragraph (which appears to incorrectly be identified as paragraph 9) contain arguments cloaked as an "undisputed fact" and are legal assertions which are improper under Local Rule 56.1 and not based on personal knowledge. Further denied on the basis that the Carriage of Goods by Sea Act $500 limitation of liability does not apply to the two containers, denied on the basis that the 32999 pieces of garment qualify as the applicable packages. Denied further on the basis that the COGSA $500 limitation per "customary freight unit" is inapplicable because the 32999 pieces of garment are the packages.

Dated: November 19, 2007

DUANE MORRIS LLP
a Delaware Limited Liability Partnership

By: ___/s/ James W. Carbin_____
James W. Carbin (JC 5004)
Alissa M. Ryder (AR 7405)
744 Broad Street, Suite 1200
Newark, N.J. 07102
973.424.2000
Attorneys for Plaintiffs

TO:

William Pallas, Esq.
Freehill Hogan & Mahar
80 Pine Street, 24th Floor
New York, NY 10005