UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NORTON MCNAUGHTON OF SQUIRE, INC., JONES APPAREL GROUP, INC.,

        Plaintiffs,

- against -

M/V MARGRETHE MAERSK, *in rem*, Maersk Line, Maersk Sealand,

        Defendants

07 CV 3716 (RWS)

**DECLARATION OF GINA M. VENEZIA**

---

I, Gina M. Venezia, under penalty of perjury, hereby state the following:

1. I am a partner with Freehill, Hogan & Mahar, LLP, counsel for Defendants in the above-referenced matter.

2. I submit this Declaration for the sole purpose of introducing the following declaration and interrogatory responses in further support of Maersk's motion for partial summary judgment. We have labeled the following exhibits starting with the letter "C" because Exhibits A & B were previously submitted with Maersk's original moving papers:

    Exhibit C:    Supplemental Declaration of Massoud Messkoub.

    Exhibit D:    Relevant pages from Plaintiffs' Objections and Responses to Defendant's Interrogatories.

    Exhibit E:    Relevant pages from Plaintiffs' First Amended Objections and Responses to Defendant's Interrogatories.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed on 26 November 2007.

                                                              _____
                                                              GINA M. VENEZIA

# EXHIBIT C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTON MCNAUGHTON OF SQUIRE, INC., JONES APPAREL GROUP, INC.,

        Plaintiffs,

- against -

M/V MARGRETHE MAERSK, *in rem*, Maersk Line, Maersk Sealand,

        Defendants

07 CV 3716 (RWS)

**SUPPLEMENTAL DECLARATION OF MASSOUD MESSKOUB**

I, Massoud Messkoub, under penalty of perjury, hereby state the following:

1. I am the Director of the Claims Department for Maersk, Inc., an agent of Defendant A.P. Moller-Maersk A/S (hereinafter "Maersk"). I submit this Declaration to supplement the previous Declaration which I executed in this matter on November 5, 2007.

2. I have personal knowledge of the matters stated herein and provide this Declaration based upon my personal knowledge and experience.

3. I have reviewed a copy of Plaintiffs' Memorandum of Law in Support of Their Cross-Motion for Summary Judgment and in Opposition to Defendant's Motion for Summary Judgment. I see that on page 10, Plaintiffs argue that I have no personal knowledge of the preparation of the bill of lading issued for this shipment or the preparation of the bill of lading.

4. While Plaintiffs are correct that I did not prepare the actual bill of lading and was not involved in the actual transportation of the cargo, Plaintiffs are wrong to suggest that I lack personal knowledge about the subject bill of lading, its preparation and the carriage of the cargo.

5. As stated in my prior Declaration, based upon my over 20 years experience with Maersk and my regular duties which require me to review standard voyage documentation

including bills of lading, I am fully familiar with the standard form of Maersk bills of lading and the notations used in the preparation of Maersk bills of lading, including how freight charges are reflected on bills of lading, the meaning of terms such as "shipper's load, stow, weight and count" and "CY / CY" (both terms which are reflected on the subject bill of lading).

6. I also have knowledge of the general procedures followed by Maersk in the preparation of bills of lading, including the fact that in a "CY / CY" move where the shipper loads and seals the container before delivering it to Maersk, the shipper necessarily must provide the cargo description to Maersk since the shipper is the one who loads and seals the container before delivering it to Maersk. The information supplied by the shipper here would have been reflected on the bill of lading.

7. I also confirm that Exhibit A to my Declaration which contained a copy of the bill of lading for this subject shipment was prepared by and maintained by Maersk in the ordinary course of its business. I have access to this information maintained by Maersk and for purposes of this litigation, I am considered the custodian of the information.

I declare under penalty of perjury that the foregoing statements are true and correct. Executed on 26 November 2007.

MASSOUD MESSKOUB

# EXHIBIT D

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTON MCNAUGHTON OF SQUIRE, INC.,
JONES APPAREL GROUP, INC.,

                   Plaintiffs

- against -

M/V MARGRETHE MAERSK, in rem,

Maersk Line, Maersk Sealand,

                   Defendants.

Civil Action No. 07-CV-3716 (RWS)

**PLAINTIFFS' OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES**

Plaintiffs NORTON MCNAUGHTON OF SQUIRE, INC. and JONES APPAREL GROUP, INC. ("Plaintiffs") by and through their attorneys, Duane Morris LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby respond and object to the Interrogatories by M/V MARGRETHE MAERSK, in rem, Maersk Line, Maersk Sealand ("Defendant") as set forth below:

## PRELIMINARY STATEMENT

Plaintiffs' Response to Defendant's Demand has been prepared pursuant to a reasonable and duly diligent search for information properly requested. To the extent that the demands purport to require more, Plaintiffs object on the grounds that (a) the demands seek to compel Plaintiffs to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure and Local Rules of the United States District Courts for the Southern District of New York and (b) compliance with the demands would impose an undue burden and expense.

DM1\1145696.1

product doctrine, which was prepared in anticipation of litigation or which is otherwise protected from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure and relevant case law;

F.  These responses and objections are based upon information now known. Plaintiffs have not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and therefore reserves its right to amend, modify or supplement the objections or responses stated herein in accordance with the Federal Rules of Civil Procedure;

G.  Plaintiffs incorporate the foregoing general objections into each and every objection and/or individualized response contained herein and set forth below, and into each and every amendment, supplement or modification to these responses hereinafter provided; and

H.  Plaintiffs do not intend to waive any general objection responsive to any specific Interrogatory. Furthermore, Plaintiffs reserve the right to supplement its responses to these Interrogatories at a later date in accordance with the Federal Rules of Civil Procedure.

## INTERROGATORIES

1.  Identify by purchase order, style number, color, number of units, cost and container number, the garments which were to be sold as sets.

    **RESPONSE:** Plaintiffs object to this Interrogatory on the grounds that it is overly broad and burdensome. Without waiver of their objections, Plaintiffs state that the 12,624 ladies garments which were to be sold as sets became contaminated after being stowed in Defendant's container identified as MAEU6000176. The garments stowed in container MAEU6000176 are further described as follows:



| Purchase Order | Style Number | Units | Color | Price |
|---|---|---|---|---|
| W2018513 | JJACWYND (ladies 100% polyester woven skirt) | 348 | Brown CMB | $4,899.84 |
| W2017518 | JJACWYND (ladies 100% polyester woven skirt) | 6798 | Brown CMB | $95,715.84 |
| W2017522 | JJACWYND (ladies 100% polyester woven skirt) | 2760 | Brown CMB | $38,860.80 |
| W2017521 | JLACWYNC (ladies 100% woven top) | 2718 | Brown CMB | $43,488 |

Plaintiffs seek consequential damages for the 6,729 units of ladies garments stowed in container MSKU6058710, which were part of matching sets to the garments stowed in container MAEU6000176, and are further described as follows:

| Purchase Order | Style Number | Units | Color | Price |
|---|---|---|---|---|
| W2017517 | JJACWYNC (ladies 100% polyester woven blouse) | 6279 | Brown CMB | $107,644 |

Plaintiffs reserve the right to supplement or amend their response.

2.      Who inspected the containers prior to the shipments being placed in the containers?

**RESPONSE:** Plaintiffs object to this Interrogatory on the basis that is irrelevant. Plaintiffs reserve the right to supplement their response in accordance with the Federal Rules of Civil Procedure.

# EXHIBIT E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTON MCNAUGHTON OF SQUIRE, INC., JONES APPAREL GROUP, INC., <br><br> Plaintiffs <br><br> - against - <br><br> M/V MARGRETHE MAERSK, in rem, Maersk Line, Maersk Sealand, <br><br> Defendants. | Civil Action No. 07-CV-3716 (RWS <br><br> **PLAINTIFFS' FIRST AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT'S INTERROGATORIES** |

Plaintiffs NORTON MCNAUGHTON OF SQUIRE, INC. and JONES APPAREL GROUP, INC. ("Plaintiffs") by and through their attorneys, Duane Morris LLP, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, hereby respond and object to the Interrogatories by M/V MARGRETHE MAERSK, in rem, Maersk Line, Maersk Sealand ("Defendant") as set forth below:

## PRELIMINARY STATEMENT

Plaintiffs' Response to Defendant's Demand has been prepared pursuant to a reasonable and duly diligent search for information properly requested. To the extent that the demands purport to require more, Plaintiffs object on the grounds that (a) the demands seek to compel Plaintiffs to conduct a search beyond the scope of permissible discovery contemplated by the Federal Rules of Civil Procedure and Local Rules of the United States District Courts for the Southern District of New York and (b) compliance with the demands would impose an undue burden and expense.

Furthermore, in compliance with the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Southern District of New York, Plaintiffs respond to

from disclosure under the Federal Rules of Evidence, Federal Rules of Civil Procedure and relevant case law;

  F. These responses and objections are based upon information now known. Plaintiffs have not yet completed its investigation of the facts pertaining to this action and has not yet completed its discovery or preparation for trial in this action and therefore reserves its right to amend, modify or supplement the objections or responses stated herein in accordance with the Federal Rules of Civil Procedure;

  G. Plaintiffs incorporate the foregoing general objections into each and every objection and/or individualized response contained herein and set forth below, and into each and every amendment, supplement or modification to these responses hereinafter provided; and

  H. Plaintiffs do not intend to waive any general objection responsive to any specific Interrogatory. Furthermore, Plaintiffs reserve the right to supplement its responses to these Interrogatories at a later date in accordance with the Federal Rules of Civil Procedure.

## INTERROGATORIES

1. Identify by purchase order, style number, color, number of units, cost and container number, the garments which were to be sold as sets.

**RESPONSE:** Plaintiffs object to this Interrogatory on the grounds that it is vague, overly broad and burdensome. Without waiver of their objections, Plaintiffs state that 15,342 pieces of ladies garments became contaminated after being stowed in Defendant's container identified as MAEU6000176. Of the garments, 9906 were 100% polyester woven ladies skirts, and 2718 were sets of ladies 100% woven blouse & top (5436 pieces). The garments stowed in container MAEU6000176 are further described as follows:

DM1\1202216.1

| Purchase Order | Style Number | Units | Color | Selling Price |
|---|---|---|---|---|
| W2018513 | JJACWYND (ladies 100% polyester woven skirt) | 348 | Brown CMB | $4,899.84 |
| W2017518 | JJACWYND (ladies 100% polyester woven skirt) | 6798 | Brown CMB | $95,715.84 |
| W2017522 | JJACWYND (ladies 100% polyester woven skirt) | 2760 | Brown CMB | $38,860.80 |
| W2017521 | JLACWYNC (ladies 100% woven blouse & top) | 2718 sets | Brown CMB | $43,488 |

Plaintiffs seek damages for 6,729 units of matching ladies 100% woven blouse & top, which could not be sold as sets with the damaged matching woven skirts, and are further described as follows:

| Purchase Order | Style Number | Units | Color | Selling Price |
|---|---|---|---|---|
| W2017517 | JJACWYNC (ladies 100% polyester woven blouse & top) | 6729 sets | Brown CMB | $107,644 |

Plaintiffs reserve the right to supplement or amend their response.

2. Who inspected the containers prior to the shipments being placed in the containers?

**RESPONSE**: Plaintiffs object to this Interrogatory on the basis that is irrelevant. Plaintiffs reserve the right to supplement their response in accordance with the Federal Rules of Civil Procedure.

3. Who made the decision to line the interior of the containers with polytheuerane? Why was this decision made?

**RESPONSE**: Plaintiffs object to this Interrogatory as confusing and unclear. Plaintiffs further object to this interrogatory on the basis that it seeks irrelevant information. Plaintiffs