565-06/GMV
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant Maersk
80 Pine Street
New York, New York 10005
(212) 425-1900

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| NORTON MCNAUGHTON OF SQUIRE, INC., JONES APPAREL GROUP, INC.,<br>            Plaintiffs<br><br>    - against -<br><br>M/V MARGRETHE MAERSK, in rem,<br>Maersk Line, Maersk Sealand,<br>            Defendants. | 07 CV 3716 (RWS) |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S**
**CROSS-MOTION FOR SUMMARY JUDGMENT**

## INTRODUCTION

Defendant A.P. Moller - Maersk A/S (hereinafter referred to as "Maersk") submits this memorandum in opposition to the cross-motion for summary judgment on liability filed by Plaintiffs on November 19, 2007. For the reasons discussed more fully herein, Plaintiffs' motion should be denied.[1]

## SUMMARY OF FACTS AND ARGUMENT

This action concerns alleged damages to a cargo of newly-manufactured garments carried in container no. 6000176 from Hong Kong to the United States.[2] According to Plaintiffs, the subject cargo was allegedly contaminated with an odor stemming from the presence of the chemical cyclohexane. Plaintiffs have moved for summary judgment arguing that they have established a *prima facie* case of liability against Maersk under U.S. COGSA.

Plaintiffs have not shown the absence of a genuine issue of material fact on their case-in-chief or that they are entitled to judgment as a matter of law. Plaintiffs have not supported their motion with any admissible evidence or sworn affidavit testimony as required by Federal Rule of Civil Procedure 56. They have not produced any evidence reflecting the actual condition of the cargo at the load port before it was stuffed into the container by the shipper's agents. This lack of evidence is particularly fatal to Plaintiffs' case here because the alleged contaminant, cyclohexane, is a chemical used to prevent wrinkling in newly-manufactured clothing. Plaintiffs' own surveyor in fact opined that "Too much of whatever chemical that's used to keep

---

[1] The fact that summary judgment is not warranted in Plaintiffs' favor on liability does not mean that Maersk is not entitled to summary judgment on its package limitation motion. It is well settled that where parties cross-move for summary judgment, each is evaluated independently and must stand on their own. *A. Brod, Inc. v. SK&I Co., LLC*, 998 F.Supp. 314, 320 (S.D.N.Y. 1998); *Aviall, Inc. v. Ryder System, Inc.*, 913 F.Supp. 826, 828 (S.D.N.Y. 1996), *aff'd* 110 F.3d 892 (2d Cir. 1997).

[2] The background facts to this case are set forth in Maersk's Memorandum of Law in Support of Its Motion for Partial Summary Judgment, which is incorporated herein. (*See* Memo. of Law. pp. 1-6).

the clothing from wrinkling was used during the manufacture of some of the pieces in the container and that is what is causing the odor." (*See* May 19, 2005, Letter of Norfolk Maritime to W. K. Webster attached with Ex. B to the Declaration of Michael Sommer, Ph.D).

Under these circumstances, it is even more imperative for Plaintiffs to establish that the cargo was in good condition when it was stuffed into the container by the shipper and to demonstrate the precise processes and chemicals which were used in the manufacture and preparation of the cargo before shipment. Plaintiffs' have offered no evidence at all on the pre-shipment condition of the cargo. Consequently Plaintiffs are not entitled to summary judgment in their favor on liability.[3]

## POINT I

### PLAINTIFFS' MOTION SHOULD BE DENIED AS THEY HAVE FAILED TO DEMONSTRATE THE ABSENCE OF A GENUINE ISSUE OF MATERIAL FACT WITH RESPECT TO THE ELEMENTS OF PLAINTIFFS' *PRIMA FACIE* CASE.

A. **The Applicable Summary Judgment Standards Impose Upon Plaintiffs, as the Moving Party, the Burden of Establishing the Absence of a Genuine Issue of Fact and that They are Entitled to Judgment as a Matter of Law.**

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See Silver v. City*

---

[3] In addition to lacking any substantive merit (as explained herein), Plaintiffs' motion is procedurally defective and should be denied. The current Scheduling Order provides that all dispositive motions were to be filed by November 5, 2007. Plaintiffs filed their motion on November 19, 2007, two weeks past the Court's deadline. Plaintiffs have not sought leave of Court to file their motion beyond the deadline, and in fact, when Defendants requested that the deadline (which is the same for all fact discovery) be extended, Plaintiffs refused the request.

Additionally, Federal Rule of Civil Procedure 56(c) requires a motion for summary judgment to be served "at least 10 days before the time fixed for the hearing". Intermediate Saturdays, Sundays and legal holidays are excluded from this 10-day period. Fed. R. Civ. Proc. 6(a). Similarly, Local Rule 6.1 requires a notice of motion, supporting affidavits and memorandum to be served and filed such that the opponent has "ten business days after service of the moving papers" to respond. In an apparent attempt to limit Maersk's response time and in violation of Rule 56(c) and Local Rule 6.1, Plaintiffs set their motion for a November 28 hearing—only five (5) business days after the motion was filed.

*University*, 947 F.2d 1021, 1022 (2d Cir. 1991). In making this determination, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *O'Brien v. Nat'l Gypsum Co.*, 944 F.2d 69, 72 (2d Cir. 1991).

The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists and that the undisputed facts establish its right to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Rodriguez v. City of N.Y.*, 72 F.3d 1051, 1060 (S.D.N.Y. 1995). Whether a fact is "material" is determined by the substantive law defining the claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A party cannot satisfy its burden of proof in the summary judgment context with conclusory allegations or statements without reference to admissible evidence. *See, e.g., Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 292 (2d Cir. 2000). As this Court has made clear, evidence that is not properly authenticated is not in admissible form and therefore may not be considered in support of a summary judgment motion. *See White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 624 (S.D.N.Y. 2006) (citing *N.Y. ex rel Spitzer v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 426 (S.D.N.Y. 2000) ("Where a party wishes to have a court consider documents which are not yet part of the court's record, the documents must be attached to and authenticated by an appropriate affidavit and the affiant must be a competent witness through whom the documents could be received into evidence at trial."); *Crown Heights Jewish Community Council, Inc. v. Fischer*, 63 F. Supp. 2d 231, 241 (E.D.N.Y. 1999), *aff'd*, 216 F.3d 1071 (2d Cir. 2000) (same)).

If, and only if, the moving party comes forward with appropriate support demonstrating that there is no genuine issue of material fact to be tried, the burden will shift to the non-movant

to present similar support setting forth specific facts about whether a genuine triable issue remains. *See Anderson*, 477 U.S. at 249. "[I]f the motion for summary judgment is not made and supported as provided in Rule 56, the Rule does not impose on the party opposing summary judgment an obligation to come forward with affidavits or other admissible evidence of his own." *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000) (reversing granting of summary judgment in favor of defendant because defendant failed to allege factual basis for assertions contained in defendant's affidavit such that plaintiff, as the party opposing summary judgment, was not required to adduce evidence to defeat summary judgment).

B.  **Plaintiffs Have Failed to Support Their Summary Judgment Motion With Any Evidence in Admissible Form as Required by Rule 56.**

In the instant case, it is undisputed that Plaintiffs, as the moving party, bear the initial burden of demonstrating that there are no genuine factual disputes for trial and summary judgment is appropriate. *Celotex*, 477 U.S. at 323. As explained above, Plaintiffs' burden cannot be satisfied with conclusory allegations, blanket statements without reference to admissible evidence, or unauthenticated documents. *See, e.g., Monahan*, 214 F.3d at 292; *White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Indeed, Local Rule 56.1(d) mandates that Plaintiffs support "every statement" in their Rule 56.1 Statement "by citation to evidence which would be admissible, set forth as required by Federal Rule of Civil Procedure 56(e)."

Plaintiffs have utterly failed to comply with the evidentiary requirements of Rule 56. Plaintiffs' Rule 56.1 Statement in support *of* their cross-motion contains a number of paragraphs that have no citation whatsoever. (*See, e.g.,* Plaintiffs' Rule 56.1 Statement ¶21, 26). Other paragraphs refer to documents which have not been properly authenticated or which contain inadmissible hearsay (¶¶18-20, 41-44). Plaintiffs also seek to rely on unauthenticated and

speculative opinions from marine surveyors or lab technicians – none of whom have offered any affidavit testimony to support Plaintiffs' allegations (¶¶41-44).[4]  Far from the evidentiary support which Rule 56 requires, Plaintiffs' Rule 56.1 Statement is akin to a memorandum of law and is being used as Plaintiffs' personal vehicle to lobby the Court.  The Rule 56.1 Statement simply does not comply with the requisite evidentiary citation and is insufficient to carry Plaintiffs' burden under Rule 56.  *See, e.g., Rexnord Holdings, Inc. v. Biderman*, 21 F.3d 522, 526 (2d Cir. 1994) (argument of counsel or legal memoranda clearly will not support summary judgment burden).[5]  Plaintiffs' Rule 56.1 Statement should be stricken, and its motion for summary judgment denied for Plaintiffs' utter failure to comply with the necessary evidentiary requirements.[6]

C. **Additionally, Plaintiffs Have Failed to Demonstrate the Absence of a Genuine Issue of Material Fact With Respect to the Elements of Plaintiffs' Prima Facie Case Upon Which They Bear the Burden of Proof or that They are Entitled to Judgment as a Matter of Law.**

   1. *Plaintiffs bear the burden of proving the good order and condition of the cargo before receipt by Maersk.*

It is undisputed that the liabilities of the parties are governed by the United States Carriage of Goods by Sea (COGSA) Act, ch. 229, 49 Stat. 1207 (1936), formerly appearing at 46 USC §§ 1300 *et seq.*  To make a claim for damage under COGSA, the plaintiff is required to prove by a preponderance of the evidence that the goods were damaged while in the defendant carrier's control.  *Transatlantic Marine Claims Agency Inc. v. M/V OOCL Inspiration*, 137 F.3d

---

[4] Maersk specifically objects to each and every one of the statements that fails to comply with Rule 56.1 and requests that they be stricken from consideration of Plaintiffs' motion.

[5] The only affidavit submitted by Plaintiffs is that of their counsel, Mr. James Carbin. It is beyond dispute that his affidavit is insufficient to satisfy Plaintiffs' summary judgment burden. *Cont'l Ins. Co. v. M/V OLYMPIC MELODY*, No. 01 CV 2824 (RWS), 2002 U.S. Dist. LEXIS 4220, *5-7 (S.D.N.Y. 3/18/02).

[6] Because Plaintiffs have not supported their motion as required by Federal Rule of Civil Procedure 56 or Local Rule 56.1, Maersk is not obliged to come forward with affidavits or other admissible evidence of its own. *St. Pierre*, 208 F.3d at 404.

94, 98 (2d Cir. 1998); *Nissho-Iwai Co. v. M/T Stolt Lion*, 719 F.2d 34, 38 (2d Cir. 1983); *Caemint Food, Inc. v. Lloyd Brasileiro*, 647 F.2d 347, 352 (2d Cir. 1981).

This burden is satisfied by proof by the plaintiff that the goods in question were received by the defendants in good condition and off-loaded in damaged condition. *Transatlantic*, 137 F.3d at 98. A plaintiff can discharge this burden by presenting the testimony of an individual who observed the loading of the cargo into the container while in good condition or by other direct evidence that "the goods were prepared and packaged in accordance with proper procedures and were carried to the ship under conditions that should have prevented any damage to the contents en route." *See, e.g., Bally, Inc. v. M.V. Zim Am.*, 22 F.3d 65, 69 (2d Cir. 1994); *Caemint Food, Inc.*, 647 F.2d at 354 n.6. As an alternative, a plaintiff can show "that the characteristics of the damage suffered by the goods justify the conclusion that the harm occurred while the goods were in the defendant's custody." *Transatlantic Marine Claims*, 137 F.3d at 98.

2.  *The bill of lading is insufficient to satisfy Plaintiffs' burden of proof under COGSA.*

In the instant case, Plaintiffs have utterly failed to establish in any manner the good order and condition of the cargo before it was delivered. Plaintiffs have offered no affidavit, declaration or authenticated document which even hints at the condition of the cargo when it was loaded by the shipper into the container. Instead, Plaintiffs have sought to satisfy their initial burden of proof by arguing that the bill of lading issued for this shipment was "clean" and thereby suggesting that, *presto,* they have met their burden. (Plaintiffs' Memo. pp. 5-6). In so doing, Plaintiffs have grossly mis-characterized the controlling authority in the Second Circuit.

The Second Circuit has made clear that a clean bill of lading "does not …constitute prima facie evidence of the condition of goods shipped in sealed packages where the carrier is prevented from 'observing the damaged condition had it existed when the goods were loaded.'"

*Bally*, 22 F.3d at 69 (quoting *Caemint Food,* 647 F.2d. at 352). Thus, in the circumstances such as those in this case – involving a containerized shipment transported on a "CY / CY" basis with "Shipper's Load, Stow, Weight and Count" terms where the actual goods are not apparent to the carrier – the plaintiff has a greater burden which cannot be met through mere reliance on the description on the bill of lading. Rather, the plaintiff must come forward with affirmative proof of the actual condition of the goods inside the sealed container at the time they were delivered to the carrier. *Bally*, 22 F.3d at 69; *N.Y. Marine & General Ins. Co. v. S/S MING PROSPERITY*, 920 F.Supp. 416, 422 (S.D.N.Y. 1996); *Caemint Food*, 647 F.2d at 353).[7] Plaintiffs have offered no direct evidence of the manufacture, handling or storage of the garments prior to loading, and their reliance on the bill of lading is insufficient as a matter of law.

### 3. *The type of damage allegedly found does not justify a conclusion that the damage could only have occurred in Maersk's custody.*

Plaintiffs also argue in their memorandum that they have satisfied their burden of proof by pointing to the characteristics of the alleged damage – cyclohexane contamination. Plaintiffs state that "the condition of the cargo at outturn and the type of damage sustained compels a finding that the cargo was in good odor [sic] upon shipment and damaged during Maersk's care." (Plaintiffs' Memo. p. 7). However, yet again, Plaintiffs woefully fail in discharging their burden of proof. There is no affidavit or other admissible document supporting the notion that the presence of cyclohexane justifies a conclusion that the damage occurred during Maersk's custody. In fact, the evidence is directly to the contrary and establishes that Plaintiffs' proffered theory – that the cyclohexane contamination came from the preservative used to treat the prior cargo of lumber – is not supportable.

---

[7] Notably, the "carrier is not obliged to open a container sealed by a shipper so as to verify the contents." *Judy-Philippine, Inc. v. S/S Verazano Bridge*, 781 F. Supp. 253, 259 (S.D.N.Y. 1991)

Dr. Michael Sommers has extensive experience on the chemicals used as preservatives of wood, and according to his sworn testimony, cyclohexane is never used as a wood preservative. (Sommers Decl. ¶¶ 24-25). Significantly, and as confirmed in Dr. Sommers' Declaration, cyclohexane is commonly used in the manufacture of nylon, dry cleaning chemicals as well as an agent to prevent wrinkling. (Sommers Decl. ¶¶ 28-29). Plaintiffs' own surveyor, in fact, initially remarked that he thought that whatever chemical was used to prevent wrinkling in the garments was the source of the smell. Against this evidence (and given the absence of any evidence concerning the manufacture, storage and handling of the cargo prior to loading into the container by the shipper), a conclusion that the cyclohexane contamination occurred in Maersk's custody is wholly unwarranted.

Apparently recognizing the utter lack of evidence to supports it position, Plaintiffs seek to rely on hearsay statements made in a report of National Marine Consultants who was retained by Maersk to investigate the alleged damage to the garments at Norfolk. Plaintiffs state that National Marine Consultants "confirmed" the lack of smell at loading, but as confirmed by the sworn Declaration of Samuil Amin, the statement in the report about the supposed lack of smell at loading was based upon information supplied by the consignee. National Marine was not in attendance at Hong Kong when the container was loaded, did not interview the shipper, and has no information or knowledge as to the condition of the garments when they were stuffed into the container by the shipper. (Declaration of Samuil Amin ¶¶ 4-7). National Marine was not retained to conduct and did not conduct any investigation as to the condition of the garments when they were stuffed into the container. (*Id.* at ¶5). Thus, National Marine did not and could not confirm the existence or lack of any smell in the cargo at loading. Plaintiffs' statement in

their memorandum that National Marine "confirmed" there was no smell during loading is thus wholly unsupported.

Furthermore, Plaintiffs have blatantly mis-represented the content of the report by stating that National Marine Consultants confirmed "that the 'Probable Cause of the Damage' was the 'previous cargo of lumber'". (Plaintiffs' Memo. p. 8). The report makes no such statement, and even if it did, there is no evidence that the surveyor was qualified to render an opinion on the migration of chemical odors. In fact, as explained above and in the Declaration of Dr. Sommers, cyclohexane is not used as a wood preservative. Thus, the evidence refutes any suggestion that the prior cargo of lumber was the source of the contamination.

In sum, Plaintiffs have utterly failed to support their summary judgment as required by Rule 56. Additionally, Plaintiffs have not shown the absence of a genuine issue of material fact on the good order and condition of the cargo before it was loaded into the container by the shipper – a necessary requirement to Plaintiffs' recovery under COGSA. Accordingly, Plaintiffs' motion for summary judgment on liability should be denied.

## POINT II

### MAERSK IS ENTITLED TO JUDGMENT IN ITS FAVOR ON LIABILITY.

It is clear that regardless of whether a formal cross-motion has been filed, a district court has the power to grant summary judgment in favor of a party opposing a motion for summary judgment on the same issue. *See Celotex*, 477 U.S. at 326; *Jordan (Bermuda) Inv. Co. v. Hunter Green Invs. LLC*, 00-9214 (RWS), 2007 U.S. Dist. LEXIS 75376 (S.D.N.Y. Oct. 9, 2007). Thus, where a party submits a legal issue for summary disposition by the court, such party implicitly accepts the risk that the court may simply find in favor of his opposition on that issue.

> Moving for summary judgment entails some risks for the moving party: a motion for summary judgment searches the record, and it is well settled that if such a search reveals that there are no genuine issues of material fact, but that the law is on the side of the non-moving party, then 'summary judgment may be rendered in favor of the opposing party even though he has made no formal cross-motion under rule 56.

*Int'l Union of Bricklayers v. Gallante*, 912 F.Supp. 695, 700 (S.D.N.Y. 1996) (quoting *Montgomery v. Scott*, 802 F.Supp. 930, 935 (W.D.N.Y.1992)).

Plaintiffs have moved for summary judgment against Maersk arguing that they have established a *prima facie* case of liability under COGSA. However, and as explained above, Plaintiffs have not offered any evidence in admissible form to establish the good order and condition of the cargo when it was loaded by the shipper in the container. Further, the presence of cyclohexane when the container was delivered to the consignee is consistent with the damage existing when the garments were loaded into the container. (Sommers Decl. ¶¶ 28-30). This unrefuted evidence coupled with Plaintiffs' lack of any admissible evidence concerning the condition of the garments before they were stuffed into the container demonstrates the inability of Plaintiffs to establish a necessary element of their case in chief. Accordingly, Maersk is entitled to summary judgment in its favor on liability because "a complete failure of proof concerning an essential element of the non-moving party's case [in this context, Plaintiffs] necessarily renders all other facts immaterial." *See, e.g., Celotex*, 477 U.S. at 322-23.[8]

## CONCLUSION

For the reasons outlined above, Plaintiffs' motion for summary judgment on liability should be denied. Further, Maersk requests that summary judgment be granted in its favor on liability.

---

[8] On November 26, 2007, Plaintiffs served a draft Pre-Trial Order in which they list their witnesses for trial. Notably absent from Plaintiffs' list are any witnesses to testify about the actual condition of the cargo when it was stuffed by the shipper at Hong Kong. Thus, it is abundantly clear that Plaintiffs cannot satisfy their burden of establishing the good order and condition of the cargo prior to receipt by Maersk.

DATED: New York, New York

     November 27, 2007

Respectfully submitted,

_____
Gina M. Venezia (GV 1551)
William J. Pallas (WP 6201)
FREEHILL HOGAN & MAHAR, LLP
80 Pine Street
New York, New York 10005
(212) 425-1900
Attorneys for Defendant MAERSK

TO:    DUANE MORRIS LLP
        Attorneys for Plaintiffs
        744 Broad Street, Suite 1200
        Newark, New Jersey 07102
        Attention: Alissa M. Ryder
        (973)424-2000

## CERTIFICATE OF SERVICE

I, GINA M. VENEZIA, certify that I am counsel of record for Defendant Maersk. On November 27, 2007, the within Opposition to Plaintiffs' Cross-Motion for Summary Judgment, Response to Plaintiffs' Rule 56.1 Statement, Declaration of Michael Sommers, and Declaration of Samnil Amin, were electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Additionally, I served by email a true and correct copy of same upon counsel for Plaintiffs:

James Carbin / Alissa M. Ryder
DUANE MORRIS LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102

_____
Gina M. Venezia

Dated: November 27, 2007