565-06/GMV
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Defendant Maersk
80 Pine Street
New York, New York 10005
(212) 425-1900
Gina M. Venezia (GV 1551)
William J. Pallas, Esq. (WP 6201)
Pamela L. Schultz (PS 0335)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NORTON MCNAUGHTON OF SQUIRE,
INC., JONES APPAREL GROUP, INC.,

            Plaintiffs,

   - against -

M/V MARGRETHE MAERSK, *in rem*,
Maersk Line, Maersk Sealand,

            Defendants

07 CV 3716 (RWS)

**DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 56.1 STATEMENT IN SUPPORT OF THEIR CROSS-MOTION FOR SUMMARY JUDGMENT**

     Defendant A.P. Moller – Maersk A/S (hereinafter "Maersk") submits the following response to Plaintiffs' Local Rule 56.1 Statement submitted in support of their Cross-Motion for Summary Judgment:

     1.     Maersk objects to paragraph 1 and requests that it be stricken. The statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 1 to the Declaration of Plaintiffs' counsel, James Carbin) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond Co. v. Castco, Inc.*, 436 F. Supp. 2d 615, 624

NYDOCS1/294454.1

(S.D.N.Y. 2006); *N.Y. ex rel Spitzer v. St. Francis Hosp.*, 94 F. Supp. 2d 423, 426 (S.D.N.Y. 2000); *Crown Heights Jewish Community Council, Inc. v. Fischer*, 63 F. Supp. 2d 231, 241 (E.D.N.Y. 1999), *aff'd*, 216 F.3d 1071 (2d Cir. 2000).

2. Maersk objects to paragraph 2 and requests that it be stricken. The statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 1 to the Carbin Decl.) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

3. Maersk objects to paragraph 3 and requests that it be stricken. The statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 1 to the Carbin Decl.) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

4. Maersk objects to paragraph 4 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1. Subject to and without waiver of this objection, Maersk admits that on or about April 12, 2005, cargo interests contracted with Maersk for the carriage of two containers said to contain 32,999 pieces of individual ladies' garments from Hong Kong to Norfolk, Virginia. (*See* the front side and reverse terms of the Maersk bill of lading (hereinafter "Bill of Lading") which are attached as Exhibits A and B, respectively, to the Declaration of Massoud Messkoub dated November 5, 2007 ("Masskoub Decl."). The front side of the Bill of Lading is also attached as Exhibit 3 to

the Carbin Declaration. The Bill of Lading does not reflect that the garments were individually packaged, as suggested in paragraph 4 of Plaintiffs' Rule 56.1 Statement which is not supported in any event by any evidence. (*See* Defendant's Ex. A).

5. Maersk objects to paragraph 5 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1. Subject to and without waiver of this objection, Maersk admits that it operates container vessels between the U.S. and Hong Kong.

6. Maersk objects to paragraph 6 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Subject to and without wavier of this objection, Maersk admits that container MAEU 6000176 gated out empty from the terminal in Hong Kong on April 8, 2005, for delivery to the shipper for stuffing. As specifically required by the terms and conditions of the Bill of Lading, the shipper was required to inspect the container before packing it, and the use of the container by the shipper is "*prima facie* evidence of their being sound and suitable for use." *See* Bill of Lading Clause 11.4 – attached as Exhibit B to the Messkoub Decl.

7. Maersk objects to paragraph 7 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The survey report and photographs referred to have not been properly authenticated, and are therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Further, the report referred to by Plaintiffs in paragraph 7 does not support the statement that each individual garment was wrapped. The report indicates that "12,624

garments" (not the 15,342 suggested by Plaintiffs) were wrapped, which suggests that some garments may have been wrapped individually while others may have been wrapped as sets.

8.  Maersk objects to paragraph 8 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1. Further, there is no indication on the governing Bill of Lading (the contract of carriage) how the pieces of garments were packaged. Accordingly, Maersk did not know and could not have known if the garments were "individually wrapped", as the cargo was loaded by the shipper and the container sealed. (Messkoub Decl. ¶¶ 8, 14-16). Subject to and without waiver of this objection, Maersk admits that the freight charges for this shipment included a $650.00 charge per container for "hanging equipment" and that, as reflected on the Bill of Lading, the container involved was a "Garment on Hanger" container. (*See* Defendant's Ex. A).

9.  It is admitted that Maersk issued Bill of Lading No. MAEU 501016075, dated April 12, 2005, in regards to the subject shipment. However, it is specifically denied that the Bill of Lading reflects the "clean" condition of the garments. As is apparent from the face of the Bill of Lading, the cargo was transported based upon "shipper's load, stow, weight and count" and "CY/CY" bases. This means that the container was loaded with the cargo and sealed by the shipper, and the sealed container delivered to Maersk. (*See* Messkoub Decl. in ¶¶8, 15 and 16).

10. Denied. The Bill of Lading consists of a front side which contains the details furnished by the shipper as well as a reverse side which contains the governing terms and conditions of carriage. Plaintiffs have attached only a copy of the front side. The reverse side governing terms and conditions are reflected in Exhibit B to the Messkoub Decl.

11.     Denied. The Bill of Lading reflects that the cargo was transported based upon "shipper's load, stow, weight and count" and "CY/CY" bases. This means that the container was loaded with the cargo and sealed by the shipper, and the sealed container delivered to Maersk. (*See* Messkoub Decl. in ¶¶8, 15 and 16). The Bill of Lading therefore does not reflect the actual contents of the container or how they were packaged by the shipper. (*See id.*).

12.     Maersk objects to paragraph 12 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Further, as reflected by the face of the Bill of Lading, the particulars of the cargo were supplied by the shipper. Subject to and without waiver of this objection, Maersk admits that it issued the Bill of Lading with the particulars of the shipment furnished by the shipper.

13.     Denied. As reflected in the Bill of Lading, Maersk agreed to carry two containers which were said to contain 32,999 pieces of individual ladies' garments from Hong Kong to Norfolk, Virginia, aboard the MARGRETHE MAERSK. The shipment was carried on a "container yard to container yard" basis ("CY/CY") and as a "shipper's load, stow, weight and count" arrangement which means that the container was loaded/stuffed by the shipper and the sealed containers delivered to Maersk. (*See* Messkoub Decl. ¶¶8, 15 & 16; and Ex. A).

14.     Maersk objects to paragraph 14 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The Bill of Lading which is cited in paragraph 14 does not reflect the actual contents of the containers at issue. As reflected on the face of the Bill of Lading, the shipment was carried on a CY/CY basis and as a shipper's load, stow, weight and count arrangement. The Bill of Lading thus is not evidence of the contents carried within the containers. (*See* Messkoub Decl. ¶¶8, 15 & 16; and Ex. A).

15. Maersk objects to paragraph 15 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Subject to and without waiver of this objection, Maersk admits that container MAEU 6000176 gated out empty from the terminal in Hong Kong on April 8, 2005, for delivery to the shipper for stuffing. As specifically required by the terms and conditions of the Bill of Lading, the shipper was required to inspect the container before packing it, and the use of the container by the shipper is *"prima facie* evidence of their being sound and suitable for use." (*See* Bill of Lading Clause 11.4 – attached as Exhibit B to the Messkoub Decl.).

16. Maersk objects to paragraph 16 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Subject to and without waiver of this objection, Maersk admits that container MAEU 6000176 gated out empty from the terminal in Hong Kong on April 8, 2005, for delivery to the shipper for stuffing. As specifically required by the terms and conditions of the Bill of Lading, the shipper was required to inspect the container before packing it, and the use of the container by the shipper is *"prima facie* evidence of their being sound and suitable for use." (*See* Bill of Lading Clause 11.4 – attached as Exhibit B to the Messkoub Decl.).

17. Admitted that the Bill of Lading contains a section reflecting "Freight and Charges" incurred in connection with this shipment. This section reflects that the ocean freight was calculated on a lump-sum basis per container, which includes a hanging equipment charge per container of $650. (*Ex.* A).

18. Maersk objects to paragraph 18 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 6 to the Carbin Declaration) has not been properly authenticated, and is

therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

19. Maersk objects to paragraph 19 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 6 to the Carbin Declaration) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

20. Maersk objects to paragraph 20 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 6 to the Carbin Declaration) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

21. Maersk objects to paragraph 21 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1.

22. Maersk objects to paragraph 22 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The statement in the report upon which Plaintiffs seek to rely in paragraph 22 of their Rule 56.1 Statement constitutes inadmissible hearsay. As confirmed by the Declaration of Samuil Amin, that representation was made to the surveyor by the cargo receiver at the time of the inspection on May 12, 2005. The surveyor has no knowledge or information as to whether that statement was

in fact made by the shipper, or, if so, whether it is true. Further, the surveyor did not interview any representative of the shipper and was not present during the stuffing of the container at Hong Kong. Therefore, the statement in the survey report on which Plaintiffs rely is not admissible and cannot support Plaintiffs' summary judgment motion. (*See* Declaration of Samuil Amin).

Moreover, the survey report of National Marine cannot satisfy Plaintiffs' burden of proving the good order and condition of the cargo when it was delivered to Maersk. As confirmed by the Declaration of Samuil Amin, the surveyor was not present at loading. Therefore, the surveyor has no direct knowledge of the condition of the cargo when it was loaded into the container at Hong Kong. (*See* Declaration of Samuil Amin).

23.    Maersk objects to paragraph 23 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Plaintiffs have misquoted the survey report upon which they rely. The survey report states at page 3 that "the shipper confirmed that there was no smell during loading of the cargo." However, as reflected in the sworn Declaration of Mr. Amin, that representation was made to the surveyor by the cargo receiver—not the shipper. The surveyor did not interview the shipper and was not in attendance when the cargo was loaded into the container. Therefore, the representation in the survey report constitutes inadmissible hearsay and cannot support Plaintiffs' summary judgment motion.

Moreover, the survey report of National Marine cannot satisfy Plaintiffs' burden of proving the good order and condition of the cargo when it was delivered to Maersk. As confirmed by the Declaration of Samuil Amin, the surveyor was not present at loading.

Therefore, the surveyor has no direct knowledge of the condition of the cargo when it was loaded into the container at Hong Kong. (*See* Declaration of Samuil Amin).

24. Admitted.

25. Maersk objects to paragraph 25 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 4 to the Carbin Decl.) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

26. Maersk objects to paragraph 26 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1.

27. Maersk objects to paragraph 27 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Exhibit 4 to the Carbin Declaration (the report of Norfolk Maritime) has not been property authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241.

With respect to Exhibit 9 to the Carbin Declaration (the report of National Marine Consultants), the surveyor was not in attendance when the container allegedly was opened on May 11. The surveyor was only in attendance on May 12, 2005. (*See* Amin Decl. ¶ 6). Therefore, the reference in the report to the alleged smell upon opening of the container on May 11 is inadmissible hearsay.

28. Maersk admits that National Marine Consultants noted a strong odor inside the container at the time of its inspection on May 12, 2005.

29. Admitted.

30. Maersk objects to paragraph 30 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1. Subject to and without waiver of this objection, Maersk was notified of the claim of alleged damage.

31. Maersk objects to paragraph 31 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Subject to and without waiver of this objection, it is admitted that National Marine Consultants, Inc. surveyed the subject shipment on May 12, 2005. (*See* Amin Declaration).

32. Maersk objects to paragraph 32 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. Plaintiffs refer to a statement in the National Marine Consultants report contained on page 1 which refers to the alleged condition of the cargo on May 11, 2005. This information was not observed by National Marine Consultants, as their investigation was limited solely to the condition of the cargo at the time of their inspection on May 12, 2005. (*See* Amin Declaration). Thus, the reference upon which Plaintiffs seek to rely constitutes inadmissible hearsay.

33. Denied. The survey report on which Plaintiffs rely does not state that the odor appeared to be absorbed within all of the garments stowed in the container. The report only pertains to the conditions found by the surveyor on May 12, 2005, and there is no indication that all of the cargo remained in the container at that time.

34. It is admitted that National Marine Consultants reported that "the odor appears to be absorbed within all the garments" as of May 12, 2005. (*See* Amin Decl.). The surveyor,

however, did not conduct any testing of the cargo and thus the statement of the surveyor does not support the conclusion that all of the cargo was damaged.

35. Maersk objects to paragraph 35 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the representation and the report referred to constitute inadmissible hearsay.

36. Maersk objects to paragraph 36 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The report on which Plaintiffs rely relates only to the condition of the cargo as noted by National Marine Consultants on May 12, 2005. There is nothing in the report providing direct evidence of the cargo being naturally aired out for several days. Plaintiffs' statement is thus not supported by any admissible evidence.

37. Maersk objects to paragraph 37 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The report on which Plaintiffs rely relates only to the condition of the cargo as noted by National Marine Consultants on May 12, 2005. There is nothing in the report providing direct evidence of the cargo being naturally aired out for several days. Plaintiffs' statement is thus not supported by any admissible evidence.

38. Maersk objects to paragraph 38 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. There is nothing in the report referred to providing direct evidence of the cargo being sent for dry

cleaning. The reference in the report to the clothing being sent for dry cleaning is thus inadmissible hearsay. The reference therefore may not be considered in support of Plaintiffs' motion.

39. Admitted.

40. Maersk objects to paragraph 40 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the representation and the report referred to constitute inadmissible hearsay.

41. Maersk objects to paragraph 41 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (a lab report) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the report referred to constitutes inadmissible hearsay.

42. Maersk objects to paragraph 42 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (a lab report) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the report referred to constitutes inadmissible hearsay.

43. Maersk objects to paragraph 43 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (a lab report) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the report referred to constitutes inadmissible hearsay. Subject to and without waiver of this objection, if the major volatile component was cyclohexane as contended by Plaintiffs, such contamination is consistent with the conclusion that the contamination existed prior to the garments being stuffed into the container, as cyclohexane is a chemical used to prevent wrinkling in newly-manufactured garments. (*See* Declaration of Michael Sommers, Ph.D).

44. Maersk objects to paragraph 44 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (a lab report) has not been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the report referred to constitutes inadmissible hearsay. Further, as confirmed by the Declaration of Michael Sommers, Ph.D., cyclohexane is not used as a preservative to treat lumber.

45. Admitted.

46. Maersk objects to paragraph 46 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. There is no evidence of the surveyor's qualifications and the document referred to (a survey report) has not

been properly authenticated, and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the report referred to constitutes inadmissible hearsay, and there is no evidence demonstrating the qualifications, basis for opinions, etc. of the author of the report to support the conclusion stated. Further, as confirmed by the Declaration of Michael Sommers, Ph.D., the cause of the cyclohexane contamination could not have been the prior cargo of lumber. The source of the contamination was more likely than not the pre-shipment manufacture, treatment and handling of the cargo. (*See* Sommers Decl.).

  47. Maersk objects to paragraph 47 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The paragraph referred to in the report of National Marine Consultants was preliminary. Further, Maersk has not offered National Marine Consultants as an expert on the probable cause of the odor contamination. Plaintiffs have not established the qualifications or bases of opinions of the surveyor. Consequently, Plaintiffs' paragraph 47 refers to inadmissible testimony.

  48. Maersk objects to paragraph 48 and requests that it be stricken. This statement is not supported by citation to admissible evidence, as required by Local Rule 56.1. The document referred to (Exhibit 12 to the Carbin Declaration) has not been properly authenticated and is therefore not in admissible form and may not be considered in support of Plaintiffs' motion. *See White Diamond*, 436 F. Supp. 2d at 624; *St. Francis Hosp.*, 94 F. Supp. 2d at 426; *Crown Heights*, 63 F. Supp. 2d at 241. Additionally, the document does not support Plaintiffs' statement that the "odor contamination damage to the garments" "necessitated the destruction of the garments."

49.    Maersk objects to paragraph 49 and requests that it be stricken. This statement is not supported by citation to any evidence, as required by Local Rule 56.1.

                                                                          Respectfully submitted,

                                                                          Gina M. Venezia (GV 1551)
                                                                          William J. Pallas (WP 6201)
                                                                          FREEHILL HOGAN & MAHAR, LLP
                                                                          80 Pine Street
                                                                          New York, New York 10005
                                                                          (212) 425-1900
                                                                          Attorneys for Defendant MAERSK

TO:    DUANE MORRIS LLP
         Attorneys for Plaintiffs
         744 Broad Street, Suite 1200
         Newark, New Jersey 07102
         Attention: James Carbin / Alissa M. Ryder
         (973)424-2000

## CERTIFICATE OF SERVICE

I, GINA M. VENEZIA, certify that I am counsel of record for Defendant Maersk. On November 27, 2007, the within Response to Plaintiffs' Rule 56.1 Statement, Declaration of Michael Sommers, and Declaration of Samnil Amin, were electronically filed with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to all attorneys of record.

Additionally, I served by email a true and correct copy of same upon counsel for Plaintiffs:

James Carbin / Alissa M. Ryder
DUANE MORRIS LLP
744 Broad Street, Suite 1200
Newark, New Jersey 07102

_____
Gina M. Venezia

Dated: November 27, 2007